# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NYRON JOEL NICHOLS, | : | |
| | : | Civ. No. 22-5808 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **MEMORANDUM & ORDER** |
| WARDEN STEVIE KNIGHT, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this matter was administratively terminated as Petitioner did not pay the filing fee nor had he applied to proceed *in forma pauperis*. (*See* ECF 3). Subsequently, Petitioner paid the filing fee such that the Clerk will be ordered to reopen this case.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the petition for dismissal and determined that dismissal without an answer and the record is not warranted.

Petitioner also filed a motion for the appointment of pro bono counsel contemporaneously with his habeas petition. (*See* ECF 2). At the time this matter was administratively terminated, this Court noted it would reinstate Petitioner's motion for the appointment of pro bono counsel upon Petitioner either paying the filing fee or applying for *in forma pauperis* status. Thus, the motion is reinstated for analysis in light of Petitioner paying the filing fee.

A habeas petitioner does not have an automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006(a)(2)(B), however, this Court may appoint counsel to an indigent habeas petitioner where "the interests of justice so require." In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Courts look to several factors in making that determination; namely: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, Civil Action No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

In this case, Petitioner makes no showing that he is indigent as he has paid the filing fee and has not applied for *in forma pauperis* status. Thus, his motion for the appointment of pro bono counsel is denied without prejudice.

Accordingly, IT IS on this 13th day of October, 2022,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that the Clerk shall serve a copy of the habeas petition and corresponding attachments (ECF 1, 1-1, 1-2, 1-3 & 1-4) and this order on Respondent by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the petition (ECF 1, 1-1, 1-2, 1-3 & 1-4) and this order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that within forty-five (45) days of the date of the entry of this order, Respondent shall file and serve a response which responds to the allegations and grounds in the habeas petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

ORDERED that Respondent shall file and serve with the response certified copies of all documents necessary to resolve Petitioner's claims and affirmative defenses; and it is further

ORDERED that within forty-five (45) days of receipt of the response, Petitioner may file a reply to the answer; and it is further

ORDERED that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that Petitioner's motion for the appointment of pro bono counsel (ECF 2) is reinstated and denied without prejudice; and it is further

ORDERED that the Clerk shall serve this order on Petitioner by regular U.S. mail.

s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge