UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NYRON JOEL NICHOLS, | : | |
| Petitioner, | : | Civ. No. 22-5808 (RBK) |
| v. | : | |
| WARDEN STEVIE KNIGHT, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I. INTRODUCTION

Petitioner, Nyron Joel Nichols ("Petitioner" or "Nichols"), is proceeding *pro se* with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Nichols was incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey when he initiated this proceeding. He is now lodged at a halfway house in North Carolina. (*See* ECF 15). Petitioner is currently scheduled to be released from Federal Bureau of Prisons' ("BOP") custody on March 13, 2024. *See* https://www.bop.gov/inmateloc/ (last visited on December 14, 2023). Petitioner has also filed a conditional motion to stay these proceedings pending the result of a United States Supreme Court case, *Loper Bright Enters. v. Raimondo*, No. 22-451, which is currently listed for argument before that Court on January 17, 2024. (*See* ECF 13). Petitioner argues he may be entitled to a conditional stay in this habeas proceeding in the event this Court needs to address *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984) (*See* ECF 13) in deciding his case. For the following reasons, Petitioner's habeas petition is denied. Petitioner's condition motion for a stay is also denied as *Chevron* and its progeny are not implicated in this Court's denial of his habeas petition.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

A jury in the United States District Court for the Western District of Virginia found Petitioner guilty of the following in 2008:

1. One count of conspiracy to distribute more than fifty grams of cocaine base and a quantity of cocaine powder in violation of 21 U.S.C. § 846;
2. Three counts of distribution of cocaine powder in violation of 21 U.S.C. § 841(a)(1);
3. Two counts of distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); and
4. One count of possession of a firearm in relation to a drug trafficking crime in violation of 18 § 924(c)(1).

(*See* W.D. Va. Crim. No. 07-06 ECF 150 at 1-2). Petitioner initially received a life sentence plus sixty months for these convictions. (*See id.* at 3).

In 2015, the Western District of Virginia reduced Petitioner's sentence to 384 months. (*See id.* ECF 329). In 2020, Petitioner's sentence was further reduced to 240 months pursuant to the First Step Act ("FSA"). (*See id.* ECF 353). In November, 2022, the Western District of Virginia granted Petitioner's motion for a judicial recommendation for a twelve-month placement in a Residential Reentry Center ("RRC") (*see id.* ECF 371). As noted above, Petitioner is set to be released from BOP custody in March, 2024.

In September, 2022, Petitioner initiated this habeas action. He claims that the BOP has erred in executing his sentence because it has not awarded earned time credits purportedly owed to him under the FSA. (*See* ECF 1 at 6). If these credits are applied to his sentence, Petitioner asserts he is entitled to be immediately released from BOP custody.[1] (*See id.* at 7).

---

[1] Petitioner has a separate § 2241 habeas petition where he asserts that he is entitled to FSA earned time credits because he has already served his § 924(c) conviction and is now only

Respondent opposes Petitioner's habeas petition. (*See* ECF 9). First, Respondent argues that Petitioner is not entitled to the earned time credits he seeks under the FSA. More specifically, Respondent notes that Petitioner is currently serving a sentence for a conviction under 18 U.S.C. § 924(c) and that the plain language of the FSA expressly excludes such prisoners from receiving time credits when serving such a conviction. Respondent also argues that even if the terms of the FSA are ambiguous, principles of statutory construction lead to the same conclusion that the FSA precludes earned time credits for those petitioners serving § 924(c) convictions. Finally, Respondent argues that even if the Court finds that the FSA is ambiguous and cannot discern congressional intent using principles of statutory construction, the BOP's interpretation on the FSA is reasonable and worthy of decisive weight such that Petitioner is not entitled to earned time credits.

Petitioner has filed a reply brief in support of his habeas petition. (*See* ECF 12). Subsequently, Petitioner also filed a conditional motion to stay these habeas proceedings in the even this Court needs to interpret *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984) based on current matters pending before the United States Supreme Court in *Loper Bright Enters. v. Raimondo*, No. 22-451.

### III.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

---

serving his aggregated sentence for his drug trafficking convictions. (*See* ECF 23-1822). That habeas petition will be decided in due course.

## IV. DISCUSSION

Petitioner argues in his habeas petition that he is improperly being denied credits towards his sentence under the FSA. The FSA of 2018 required the Attorney General, within 210 days of the date of enactment, to develop a "risk and needs assessment system" for federal inmates that would "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(a), (d). The BOP released the risk and needs assessment on July 19, 2019, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN"). *See, e.g.*, *Hare v. Ortiz*, Crim. No. 18-588-1, 2021 WL 391280, at *1 (D.N.J. Feb. 4, 2021).

The FSA directed the BOP to "implement and complete an initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" within 180 days of PATTERN's release date. 18 U.S.C. § 3621(h)(1)(A). To earn time credits under the FSA an inmate must successfully complete programs addressing the needs of the inmate. *See, e.g.*, 18 U.S.C. § 3632(d)(4)(A). Nevertheless, the FSA lists certain categories of prisoners who are ineligible to receive credits under the FSA based on offenses for which the prisoner was convicted. *See id.* at § 3632(d)(4)(D). Included amongst those ineligible inmates are inmates who are serving a sentence for a conviction under 18 U.S.C. § 924(c) related to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Section 924(c)(1)(A) of Title 18 of the United States Code states as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the

> person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
>> (i) be sentenced to a term of imprisonment of not less than 5 years;
>> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

Petitioner argues that the BOP is misinterpreting 18 U.S.C. § 3632(d)(4)(D)(xxii) by excluding him receiving earned time credits under the FSA. More specifically, he states that under that section of the FSA:

> Congress only intended that individuals who were convicted of 924(c) offenses "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" to be ineligible. Congress never intended for individuals whose 924(c) conviction was based on them possessing a firearm in furtherance of a drug trafficking crime to be swept under the "in relation to" section of the 924(c) statute. If this was the case Congress would have stated in 18 U.S.C. § 3632(d)(4)(D)(XXii) "who, in furtherance of any such crime," instead of "during and in relation to" standing alone, picked from a divisible statute with different ways to commit a crime.
>
> This would mean that when Congress only utilized one section ("in relation to") of the 18 U.S.C. § 924(c) statute, it intended for [the] Bureau of Prison[s] to do its own independent investigation to determine, would the act and evidence in the defendant's case suffice to sustain a conviction under the "in relation to" prong of 924(c). Or does the evidence only support the in furtherance prong, then leaving the defendant to be eligible for [earned time credits].

(ECF No. 1 at 6).

"The role of the courts in interpreting a statute is to give effect to Congress's intent." *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001) (citations omitted). The starting

point for this Court's analysis is the plain language of the statute itself. *See United States v. Ron Pair Enters, Inc.*, 489 U.S. 235, 241 (1989); *see also In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 254 (3d Cir. 2009) ("The first step in statutory construction is to consider the plain language of the statute."). "If the language of the statute expresses Congress's intent with sufficient precision, the inquiry ends there and the statute is enforced according to its terms." *United States v. Gregg*, 226 F.3d 253, 257 (3d Cir. 2000). However, if the statute is susceptible to multiple interpretations, the Court "must look to the surrounding words and provisions and their context," *Tavarez v. Klingensmith*, 372 F.3d 188, 190 (3d Cir. 2004)

The statute at issue in this case provides that a prisoner who is serving a sentence under § 924(c) related to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime is ineligible to receive such earned time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Petitioner was in fact convicted of possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c) as previously noted. Numerous courts have noted that "under the *plain language* of the FSA," prisoners who are convicted under § 924(c) are ineligible to receive FSA time credits. *See Goodman v. Sage*, No. 22-981, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 20, 2022); *see also Banks v. King*, No. 22-2164, 2023 WL 8242450, at *3 (E.D.N.C. Nov. 28, 2023) (noting that a prisoner is ineligible to receive FSA time credits if serving a § 924(c) conviction); *United States v. Bryant*, Crim. No. 04-47, 2023 WL 4355053, at *4 (W.D. Va. July 5, 2023) (stating that "the plain language" of § 3632(d)(4)(D) makes petitioner ineligible to receive credits under the FSA due to his § 924(c) conviction); *Eubanks v. Segal*, No. 23-1245, 2023 WL 4409921, at *1 (D. Minn. May 19, 2023), *report and recommendation adopted by*, 2023 WL 4407494 (D. Minn. July 7, 2023) ("The FSA *could not be clearer*, however, that persons convicted under § 924(c) are ineligible to receive time

6

credits.") (emphasis added). In *Eubanks*, for example, the District of Minnesota declared that there could not be a more straightforward dismissal of a habeas case that a petitioner was not entitled to FSA time credits when he had pleaded guilty and was serving a sentence under § 924(c) as the FSA's plain terms states that persons convicted under that statute are ineligible to receive time credits. *See Eubanks*, 2023 WL 4409921, at *1). The plain language of the statute at issue in this case precludes Petitioner from receiving habeas relief.

Even if the plain language does not necessarily control in this case, canons of statutory construction support that Petitioner is not entitled to habeas relief. "It is a well-known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous." *United States v. Cooper*, 396 F.3d 308, 312 (3d Cir. 2005) (citation omitted); *see also TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (explaining that it is "a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant"). As noted above, subsection xxii includes the word *possession* in stating that an inmate with a 924(c) conviction is ineligible to receive earned time credits under the FSA. This inclusion reflects Congress' intent to encompass those individuals convicted of possession of a firearm in violation of 924(c), as Petitioner conviction establishes in his underlying federal criminal matter. The inclusion of the word *possession* would otherwise be rendered superfluous under Petitioner's argument. Its inclusion indicates that Petitioner's conviction under § 924(c) for possession of a firearm in relation to a drug trafficking crime renders him ineligible for FSA credits.

Additionally, it is worth noting that Courts presume that "different words in connection with the same subject" signifies the drafters intended to convey different meanings. *See*

7

*Mohamad v. Palestinian Auth.*, 566 U.S. 449, 456 (2012) ("We generally seek to respect Congress' decision to use different terms to describe different categories of people or things."). There is no qualifying language with respect to parsing out different offenses one must be convicted of under § 924(c) to be rendered ineligible for earned time credits under the FSA. This is different than many other sections for which Congress expressly provided exceptions. By way of example only, subsection xvii provides that an inmate is ineligible for earned time credits under "[a]ny section of 39, relating to explosive and other dangerous articles, except for section 836 (relating to the transportation of fireworks into a State prohibiting sale or use)" *See* 18 U.S.C. § 3632(d)(4)(D)(xvii). Thus, Congress expressed its intent to exclude certain provisions of statutory convictions when needed. Accordingly, the fact that Congress carved out certain exceptions with respect to eligibility requirements, but did not with respect to inmates serving sentences under § 924(c) further lends support that Petitioner is not entitled to federal habeas relief under the rules of statutory construction.

Upon examining the plain language of the FSA as well as the relevant principles of statutory construction, Petitioner is not entitled to receive time credits under the FSA due to his presently serving a § 924(c) conviction for possessing a firearm in relation to a drug trafficking crime. Furthermore, given this Court need not consider *Chevron* and its progeny, Petitioner's motion for a conditional stay shall also be denied.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is denied as is his motion for a conditional stay. An appropriate order will be entered.

DATED: December 18, 2023                                                          s/ Robert B. Kugler
                                                                                                            ROBERT B. KUGLER
                                                                                                            United States District Judge